IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LARRY WEST, | : | 1:10-cv-2637 |
|---|---|---|
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| DAVID VARANO, et al., | : | |
| Defendants. | : | |

## ORDER

August 29, 2013

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 65) filed on August 1, 2013 recommending that Defendants' Motion to Dismiss (Doc. 56) be granted in part and denied in part. Objections to the R&R were due by August 19, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety.

**I. STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the

1

Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

At issue in the instant R&R is Defendants' Motion to Dismiss. In their motion, Defendants contend that dismissal is proper based on Plaintiff's failure to comply with Pennsylvania procedural requirements for medical malpractice claims, the application of sovereign immunity under the Eleventh Amendment, and failure to state a claim under the Americans with Disabilities Act ("ADA"). For the reasons that follow, we agree with Magistrate Judge Carlson that the motion should be granted in part and denied in part.

Pro se Plaintiff Larry West ("Plaintiff") is a prisoner of the Commonwealth of Pennsylvania. The claims at issue concern Plaintiff's medical treatment while incarcerated at State Correctional Institution (SCI) Coal Township. Plaintiff's complaint alleges he suffers from rheumatoid arthritis and anxiety, conditions which were allegedly left untreated for a period of years. While Plaintiff did receive surgery for these conditions in 2008 and 2011, Plaintiff contends this unreasonable delay in treatment represents deliberate indifference to Plaintiff's medical needs. Based on these factual averments, Plaintiff advances claims for: deliberate indifference under the Eighth Amendment; failure to train, supervise, and regulate staff; medical malpractice; discrimination under the ADA; and negligent and intentional infliction of emotional distress.

As explained by Magistrate Judge Carlson, the Pennsylvania Rules of Civil Procedure require a valid certificate of merit when filing a claim for medical malpractice. *See* Pa.R.C.P. 1042.3. This rule also applies to state medical malpractice claims brought in federal court. *See Liggon-Reading v. Estate of Sugarman*, 659 F.3d 258, 264 (3d Cir. 2011). Plaintiff has not supplied this certificate and thus we shall adopt the Magistrate Judge's recommendation that the medical malpractice claims be dismissed without prejudice.

We also agree with the Magistrate Judge's conclusion that Plaintiff's claims against the Department of Corrections and the Defendants in their official capacities fail due to Eleventh Amendment sovereign immunity. *See Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996). With respect to the claims asserted by Plaintiff, this immunity has not been abrogated by Congress nor waived by Pennsylvania and thus acts as a bar to these claims. *See Lavia v. Pennsylvania, Dept. Of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000).

Plaintiff's claims based on supervisory liability fail as well. A constitutional claim against a supervisor must specifically allege personal involvement or actual knowledge and acquiescence to the infringing conduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1997). Plaintiff's claims against Defendant Varano[1] in his individual capacity fail to allege any facts that Varano actively deprived the Plaintiff of a constitutional right or had actual knowledge and acquiesced to such deprivation. Therefore these claims shall be dismissed.

Finally, as Magistrate Judge Carlson explains, Plaintiff's Eighth Amendment claims against Defendants Ellers and McCarty in their individual capacities contain sufficient factual allegations to survive a motion to dismiss. In the context of prison healthcare, an Eighth Amendment claim of deliberate

---

[1] David Varano is a supervisor at SCI Coal Township.

indifference requires factual allegations of acts or omissions by prison officials that demonstrate deliberate indifference to a serious medical need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Plaintiff's allegations focus not on the professional judgment of the medical personnel, but the delay in receiving medical care. Whether this delay was deliberate cannot be determined as a matter of law at this time and therefore further proceedings are required.[2]

As we have already mentioned, Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. 65) is **ADOPTED** in its entirety.

---

[2] Defendants Ellers and McCarty assert sovereign immunity as a defense against the claims of intentional infliction of emotional distress. Sovereign immunity bars liability for intentional acts committed within the scope of employment. *La Frankie v. Miklich*, 152 Pa. Cmwlth. 163, 171 (1992). Plaintiff concedes the Defendants were acting within the scope of employment, therefore immunity is applicable for any claims of intentional infliction of emotional distress. Plaintiff's assertions of negligent infliction of emotional distress fail to state a claim upon which relief can be granted. *See Armstrong v. Paoli Memorial Hosp.*, 43 Pa. Super. 36, 48 (1993).

2. Defendants' Motion to Dismiss (Doc. 56) is **GRANTED** in part with respect to Plaintiff's medical malpractice claims; claims under the American with Disabilities Act; claims against the Commonwealth of Pennsylvania, Department of Corrections; claims of negligent and intentional infliction of emotional distress; and Eighth Amendment deliberate indifference claims against Defendant Varano.

3. Defendants' Motion to Dismiss (Doc. 56) is **DENIED** with respect to the Eighth Amendment deliberate indifference claims against Defendants Ellers and McCarty in their individual capacity.

          s/ John E. Jones III
          John E. Jones III
          United States District Judge